# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 7 |
| | ) | Case No. 12 B 20719 |
| RANDY L. CONAWAY and VELMA J. POWERS, | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | Motion Date: November 14, 2012 |
| Debtors. | ) | Motion Time: 10:00 a.m. |

## NOTICE OF MOTION

TO:　　See Attached Service List

PLEASE TAKE NOTICE THAT on November 14, 2012, at the hour of 10:00 a.m., a **FIRST AND FINAL APPLICATION FOR COMPENSATION OF COUNSEL FOR THE DEBTORS AND TO CREDIT RETAINER AGAINST ANY BALANCE DUE** shall be heard by the Honorable Carol A. Doyle of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Room 742 at 219 South Dearborn Street, Chicago, Illinois, 60604. A copy of same is attached hereto and thereby served upon you. You may appear if you so see fit.

　　　　　　　　　　　　　　　　　　　　　　　　　　GOLAN & CHRISTIE LLP

## AFFIDAVIT OF SERVICE

I, Robert R. Benjamin, an attorney, certify that the above captioned Notice of Motion and First and Final Application for Compensation of Counsel for the Debtors and to Credit Retainer Against Any Balance Due were served upon the parties who receive notice via CM/ECF filing and those who receive notice via Regular Mail with postage pre-paid from 70 W. Madison, Chicago, IL 60602 on October 17, 2012.

　　　　　　　　　　　　　　　　　　　　　　　　　　/s/*Robert R. Benjamin*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Robert R. Benjamin

GOLAN & CHRISTIE LLP
Attorneys for Debtors
70 West Madison Street, Suite 1500
Chicago, Illinois 60602
(312)263-2300

## SERVICE LIST

Patrick S. Layng
United States Trustee
219 S. Dearborn, #873
Chicago, IL 60604
Via CM/ECF

Internal Revenue Service
Mail Stop 5010 CHI
230 S. Dearborn St.
Chicago, IL 60604
Via Regular Mail

Associate Area Counsel, SB/SE
200 West Adams Street, Suite 2300
Chicago, IL 60606
Via Regular Mail

United States Attorney
219 S. Dearborn Street
Chicago, IL 60604
Via Regular Mail

D. Patrick Mullarkey
Tax Division (DOJ)
PO Box 55, Ben Franklin Station
Washington, DC 20044
 (*Contested Matters)
Via Regular Mail

James D. Newbold
Asst. Atty. Gen Revenue Litigation Bureau
Illinois Attorney General
100 W. Randolph St., 13th Floor
Chicago, IL  60601
Via Regular Mail

Department of the Treasury
Internal Revenue Service
Cincinnati, OH 45999
Via Regular Mail

Adam R. Moreland
Edmond M. Burke
Chuhak & Tecson, P.C.
30 South Wacker Dr., Ste. 2600
Chicago, IL 60606
Via Regular Mail

Chad B. Gunderson
2500 Riivendell Dr
New Lenox, IL 60451
Via Regular Mail

Development Properties, Inc.
44 White Oak Circle
Saint Charles, IL 60174
Via Regular Mail

Dirk V. Gunderson
2500 Rivendell Drive
New Lenox, IL 60451
Via Regular Mail

Citizens Auto Finance
443 Jefferson Blvd.
RJW 135
Warwick, RI 02886
Via Regular Mail

Kane County Clerk
719 Batavia Ave.
Geneva, IL 60134
Via Regular Mail

Kristen Realmuto
PO Box 1049
Saint Charles, IL 60174
Via Regular Mail

Lighthouse Builders, Inc.
c/o Julie M. Johnson
4043 W Dempster
Skokie, IL 60076
Via Regular Mail

Mark Vestuto
1271 Fellows St.
Saint Charles, IL 60174
Via Regular Mail

National City
PO Box 5570
Cleveland, OH 44101
Via Regular Mail

PNC Bank
P.O Box 856177
Louisville, KY 40285
Via Regular Mail

PNC Mortgage
3232 Newmark Drive
Miamisburg, OH 45342
Via Regular Mail

PNC Bank
P.O. Box 94982
Cleveland, OH 44101
Via Regular Mail

Lighthouse Lily Lake Development LLC
c/o Julie Realmuto
180 N LaSalle #1400
Chicago, IL 60601
Via Regular Mail

Ridgestone Bank
c/o Edmond M. Burke
Chuhak & Tecson PC
30 S. Wacker Dr., 26th Fl.
Chicago, IL 60606
Via CM/ECF

RBS Citizens, N.A.
c/o Ellen Alemany
Head of RBS Americas, Chairman &
CEO of Citizens Financial Grp, Inc.
1 Citizens Plaza
Providence, RI 02903
Via Regular Mail

U.S. Small Business Administration
409 3rd St., SW
Washington, DC 20416
Via Regular Mail

Village of Lily Lake
c/o G. Alexander McTavish
Myler, Ruddy & McTavish
105 E. Galena Blvd., 8th Fl.
Aurora, IL 60505
Via CM/ECF

Elizabeth C. Berg
Baldi Berg & Wallace
19 S Lasalle Street, Ste. 1500
Chicago, IL 60603
Via CM/ECF

Western Surveying & Engineering
c/o Edgerton & Edgerton
125 Wood St. PO Box 218
West Chicago, IL 60186
Via Regular Mail

FORSTAR Quality Landscaping
6 N 947 IL Rt 47
Maple Park, IL 60151
Via Regular Mail

RA & VE, LLC  
43 W. 330 Creekside Ct.  
Saint Charles, IL 60175  
Via Regular Mail

R.L. Conaway & Assoc., Inc.  
6 N. 947 Rt. 47  
Maple Park, IL 60151  
Via Regular Mail

Randy L. Conaway  
Velma J. Powers  
43 W. 330 Creekside Ct.  
Saint Charles, IL 60175  
Via Regular Mail

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | In Chapter 7 |
| | ) | Case No. 12 B 20719 |
| **RANDY L. CONAWAY and VELMA J. POWERS,** | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | Motion Date: November 14, 2012 |
| **Debtors.** | ) | Motion Time: 10:00 a.m. |

**FIRST AND FINAL APPLICATION FOR COMPENSATION
OF COUNSEL FOR THE DEBTORS AND TO CREDIT
<u>RETAINER AGAINST ANY BALANCE DUE</u>**

The attorneys of the law firm of GOLAN & CHRISTIE LLP ("G&C"), counsel for the Debtors, RANDY L. CONAWAY and VELMA J. POWERS ("Debtors"), apply to this Court for an order approving the payment of fees in the amount $30,088.00 for services rendered from May 22, 2012 to September 11, 2012 and the costs of preparing this fee petition in the amount of $1,200.00 for a total of $31,288.00 plus expenses in the amount of $1,412.75 and in support thereof states as follows:

**I. JURISDICTION**

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §157 and §1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b).

**II. GENERAL BACKGROUND**

On May 21, 2012, (the "Petition Date"), Debtors filed a voluntary petition relief under Chapter 11 of the United States Bankruptcy Code.

On June 14, 2012, this Court entered an order allowing the retention of Robert R. Benjamin, Beverly A. Berneman, Caren A. Lederer and Anthony J. D'Agostino of the law firm of Golan &

1

Christie LLP as counsel for the Debtors. Golan & Christie LLP is holding a retainer of $7,040.00 and a cost advancement of $1,046.00.

### III. CASE STATUS

Debtors are individuals and married to each other. Debtors were unable to obtain their primary lender's cooperation in formulating a Plan and therefore voluntarily converted the case to a Chapter 7 of the Bankruptcy Code.

### IV. DESCRIPTION OF THE APPLICATION FOR COMPENSATION

A.  General Information.  Rule 2016(a) of the Bankruptcy Rules requires a detailed application for fees. The primary objective of this fee application is to reveal sufficient information to enable the court to determine whether the services rendered in representing the Debtor were reasonable, actual and necessary. G&C has provided accurate and detailed records of the services which were made contemporaneously with the services performed. *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

The statement of services includes a summary, by category, of the work done and time expended in each category. Much care has been taken to properly categorize the activities to the degree possible. Billing judgment was used to exclude hours which were excessive, redundant or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 76 L.Ed.2d 40, 103 S.Ct. 1933 (1983); In *re Temple Retirement Community, Inc.*, 97 B.R. 333 (Bkrtcy. W.D.Tex. 1989); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

B.  Billing Entries.  G&C uses computerized time and billing software in the preparation of a fee petition. This interim fee petition contains a narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for

each activity. It contains a statement explaining the significance of the activity as well as the purpose, necessity and appropriateness of each such service. Where appropriate, it contains a statement of the effectiveness of the activity, alternatives considered, method for choosing the action taken, a statement of any difficult or unusual problems which arose in the case and the manner in which it was addressed. *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

C.   Hourly Charges. G&C charges all clients, including for non-bankruptcy matters which are as follows:

| | |
|---|---|
| Partner (in office) | $400.00/hour |
| Partner (in court) | $480.00/hour |
| Senior Associate | $290.00/hour |
| Associate | $240.00/hour |
| Paralegal | $100.00/hour |

### V. BANKRUPTCY LOCAL RULE 5081-1 COMPLIANCE

Bankruptcy Local Rule 5081-1 governs applications for compensation and reimbursements for professional services in cases under Chapter 11. Counsel provides the following discussion in compliance with Bankruptcy Local Rule 5081-1.

### A. COVER SHEET
### [LOCAL RULE 5082-1(A)]

Counsel filed a cover sheet required by Local Rule 5082-1(A) simultaneously with the filing of this application for compensation.

### B. NARRATIVE SUMMARY
### SUMMARY LIST OF ALL PRINCIPAL ACTIVITIES AND SUMMARY
### OF TOTAL COMPENSATION REQUESTED IN CONNECTION WITH EACH ACTIVITY
### [Local Rule 5082-1(B)(1)(a)]

The summary of all activities is as follows:

| Activity Code | Description of Activity | Invoice Hours | Totals |
|---|---|---:|---:|
| ADM | Administration | 17.50 | 6,656.00 |
| AUTST | Automatic Stay | 10.80 | 2,976.00 |
| CLM | Claims | 1.00 | 400.00 |
| FEE | Fee Petition | 3.00 | 1,200.00 |
| FIN | Financing | 45.90 | 18,056.00 |
| PLAN | Plan | 5.00 | 2,000.00 |
| | | | |
| TOTAL | | 83.20 | $31,288.00 |

### C. NARRATIVE SUMMARY
**SUMMARY OF ALL PRINCIPAL ACTIVITIES INCLUDING DETAILS AND DESCRIPTION OF EACH TASK AND ACTIVITY AND TOTAL COMPENSATION SOUGHT IN THE APPLICATION, HOURLY RATE FOR EACH PROFESSIONAL WITHIN EACH ACTIVITY AND NAME AND POSITION OF EACH PROFESSIONAL**
*[Local Rules 5082-1(B)(1)(b) and (d)]*

From May 22, 2012 to September 11, 2012, the Debtor has incurred $30,088.00[1] in fees at G&C's customary hourly fee rates, as is more fully set forth in Exhibit A.

The billing rates for each attorney and paraprofessional are identified in Exhibit A and in section V.E. below.

The following is a detailed narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity:

1.  **ADMINISTRATION**

The activities in the general administration category are those activities which are a necessary part of the representation of the Debtor, such as communications with the Debtor regarding the Debtor's income and expenditures during the pendency of the case, reviewing court proceedings, reviewing monthly operating reports and other court filings, responding to inquiries from creditors, communicating with the United States Trustee's office regarding issues related to the case, rendering

---

[1] Exclusive of fees incurred in preparation of this fee petition in the amount of $1,200.00.

services pertaining to property of the estate and counseling debtors regarding the tax implications of individuals in a Chapter 11 case. The tax issues involved issues related to the separate identity of the Debtors as Chapter 11 Debtors and the treatment of losses in the form of attorneys fees incurred in the Erla Trust Litigation. The benefits of these services to the Debtors and their estate were both economic and non-economic. The economic benefits resulted in the Debtors operating smoothly during the reorganization process and assuring its compliance with the administrative requirements of a Chapter 11 debtor. The remainder of the services was of non-economic benefit to the Debtors by promoting the bankruptcy process and the smooth administration of the cases.

An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit A. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 2.10 | 480.00 | 1,008.00 |
| Robert R. Benjamin (RRB) | Partner | 11.60 | 400.00 | 4,640.00 |
| Beverly A. Berneman (BAB) | Partner | 0.60 | 400.00 | 240.00 |
| Anthony J. D'Agostino (AJD) | Associate | 3.20 | 240.00 | 768.00 |
| | | 17.50 | | $6,656.00 |

**2.**   *AUTOMATIC STAY*

These services involved a demand made by Ridgestone Bank to modify the automatic stay. The services benefitted the estate on an economic and non-economic basis by protecting the estate.

An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit A. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|---|
| Beverly A. Berneman(BAB) | Partner | 2.40 | 400.00 | 960.00 |
| Anthony J. D'Agostino (AJD) | Associate | 8.40 | 240.00 | 2,016.00 |
| | | 10.80 | | $2,976.00 |

5

3.  *CLAIMS*

Counsel rendered services related to claims bar dates and the treatment of claims filed by creditors. Counsel also answered questions from creditors regarding the status of their claims. The services benefitted the estate on an economic and non-economic basis by protecting the estate.

An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit A. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|---|
| Beverly A. Berneman (BAB) | Partner | 1.00 | 400.00 | $400.00 |

4.  *FINANCING*

Complex and significant negotiations with the primary commercial lender resulted in agreed use of cash collateral and negotiations toward a global settlement of all issues with the Debtors and the corporations that they controlled. Ultimately the lender chose to walk away from a Plan that would have provided them with approximately $700,000.00 over a period of years for a liquidation dividend of less than $50,000.00. These services benefitted the estate on an economic basis by the development of a Plan that would have permitted the Debtors to restructure their debts and pay a substantial dividend to all of their creditors. These services benefitted the estate on a non-economic basis by protecting the estate.

An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit A. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 1.40 | 480.00 | 672.00 |
| Robert R. Benjamin (RRB) | Partner | 39.30 | 400.00 | 15,720.00 |
| Beverly A. Berneman (BAB) | Partner | 2.60 | 400.00 | 1,040.00 |
| Anthony J. D'Agostino (AJD) | Associate | 2.60 | 240.00 | 624.00 |
|  |  | 45.90 |  | $18,056.00 |

6

**5.** *PLAN*

G&C worked with the Debtors to develop a plan and draft a disclosure statement to accompany the plan. Attempts to create the plan involved unique and distinct issues such as projecting the future revenue of the Debtors to fund the plan, providing for appropriate treatment of each class of claims and providing adequate information to the creditors. The services benefitted the estate on an economic basis by developing a plan that will maximize the distribution to creditors while allowing the Debtors to emerge from Chapter 11. The services benefitted the estate on a non-economic basis by protecting the estate.

An itemized breakdown of the services rendered to the Debtors is attached hereto as Exhibit A. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|---|
| Beverly A. Berneman (BAB) | Partner | 5.00 | 400.00 | $2,000.00 |

**D. NARRATIVE SUMMARY**
**STATEMENT OF TIME AND TOTAL COMPENSATION SOUGHT IN THE APPLICATION FOR PREPARATION OF CURRENT OR PRIOR APPLICATION FOR COMPENSATION**
*[Local Rules 5082-1(B)(1)(c)]*

G&C requests reimbursement for the preparation of this First and Final Fee Petition. G&C has constructed this detailed analysis of the fee petition as an aid to the Court and the creditors in determining the reasonableness of the fees requested. Counsel reviewed the fee entries and conducted a "business judgment" audit to insure that the fees requested were reasonable and necessary to the administration of the estate.

An itemized breakdown of the time expended in preparing this First and Final Fee Petition is attached hereto as Exhibit B. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 3.00 | 400.00 | $1,200.00 |

### E. NARRATIVE SUMMARY
### HOURLY RATE FOR EACH PROFESSIONAL FOR WHOM COMPENSATION IS REQUESTED AND TOTAL NUMBER OF HOURS EXPENDED BY EACH PERSON AND TOTAL COMPENSATION SOUGHT FOR EACH
*[Local Rules 5082-1(B)(1)(d)]*

The summary of each professional and the compensation appears in the Detailed Statements of Services which were attached as Exhibits A and B to the interim fee petition. The summary is as follows:

| Name (Initials) | Position | Hours | Rates | Total |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 53.90 | 400.00 | 21,560.00 |
| Robert R. Benjamin (RRB) | Partner | 3.50 | 480.00 | 1,680.00 |
| Beverly A. Berneman (BAB) | Partner | 11.60 | 400.00 | 4,640.00 |
| Anthony J. D'Agostino (AJD) | Associate | 14.20 | 240.00 | 3,408.00 |
| **TOTAL** | | **83.20** | | **$31,288.00** |

### F. NARRATIVE SUMMARY
### STATEMENT OF COMPENSATION PREVIOUSLY SOUGHT AND ALLOWED
*[Local Rules 5082-1(B)(1)(f)]*

This is applicant's first and final fee petition.

### G. NARRATIVE SUMMARY
### TOTAL AMOUNT OF EXPENSES FOR WHICH REIMBURSEMENT IS SOUGHT
*[Local Rules 5082-1(B)(1)(g)]*

G&C seeks reimbursement for out of pocket expenses in the amount of $1,412.75 consisting of filing fees, copying charges and postage expenses.

### H. NARRATIVE SUMMARY
### STATEMENT AS TO WHETHER THE REQUESTED FEES AND EXPENSES ARE SOUGHT TO BE ALLOWED OR BOTH ALLOWED AND PAID
*[Local Rules 5082-1(B)]*

Counsel requests that the fees and expenses sought herein be allowed and paid.

### VI. CERTIFICATION

G&C certifies that it has hereby served a copy of the chronological itemization of services rendered to the Debtor. To date, G&C has not received an objection to the fees.

### VII. THE VALUE OF THE SERVICES FOR WHICH COMPENSATION IS SOUGHT AND PRESERVATION OF THE RETAINER

Section 330(a) of the Bankruptcy Code provides:

(a)  After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328 and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1003 of this title, or to the debtor's attorney:

(1)  reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a cases under this title; and

(2)  reimbursement for actual, necessary expenses.

The Bankruptcy Court has the independent authority and responsibility to determine the reasonableness of all fee requests, whether or not objections are filed. *In re Spanjer Brothers, Inc.,* 203 B.R. 85 (Bkrtcy. N.D.Ill., 1996); *In re Pettibone Corporation*, 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987). The burden of proof is on the applicant to show that the fees incurred were actual and necessary. *In re Spanjer Brothers, Inc.,* 203 B.R. 85, 89 (Bkrtcy. N.D.Ill., 1996); *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Pettibone Corporation,* 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987).

9

The representation of the Debtors adequately corresponds with the time and labor expended by G&C. The various issues involved required experienced bankruptcy counsel. G&C attorneys have over seventy (70) years combined experience in the area of bankruptcy law. Less experienced attorneys would not have handled the matters herein as efficiently and as effectively. Due to the substantial time expended on behalf of the Debtors, G&C was precluded from accepting cases requiring extensive representation during the initial phase of these cases. G&C was able to accomplish a great deal directed towards aiding the Debtors in their reorganization efforts. Considering the results obtained by G&C the amounts involved are fair and reasonable. This Court has reviewed and ruled upon numerous fee applications and is in a position to determine that the rates herein are reasonable.

## VIII. OBJECTIONS

Any objections this fee application should be submitted in writing filed with this Court and delivered to counsel for the Debtor (address below) on or before November 7, 2012.

## IX. CONCLUSION

WHEREFORE, GOLAN & CHRISTIE LLP requests that this Court enter an Order:

A.   Determining that the legal services and fees incurred in this fee petition were necessary and reasonable;

B.   Allowing compensation as counsel for the Debtors in the amount of $30,088.00 for fees incurred from May 22, 2012 to September 11, 2012 plus the costs of preparing this fee petition in the amount of $1,200.00 for a total of $31,288.00;

C.   Allowing reimbursement of out of pocket expenses in the amount of $1,412.75;

10

     D.    Granting counsel leave to apply the retainer in the amount of $7,040.00 plus a cost advancement of $1,046.00 as a credit against any sums awarded; and

     E.    Granting such other and further relief as this Court may deem just and proper.

                                        GOLAN & CHRISTIE LLP

                                        By: */s/Robert R. Benjamin*
                                                Robert R. Benjamin

Robert R. Benjamin (ARDC # 10070429)
Beverly A. Berneman (ARDC # 06189418)
Caren A. Lederer (ARDC # 6244631)
Anthony J. D'Agostino (ARDC # 6299589)
GOLAN & CHRISTIE LLP
70 W. Madison, Ste. 1500
Chicago, Illinois 60602
(312) 263-2300